United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 9, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41442
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BAIRON JESUS TROCHEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-497-ALL
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Bairon Jesus Trochez appeals his guilty plea conviction and sentence for illegal reentry. For the first time on appeal, Trochez argues that his sentence violates <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), insofar as he was sentenced under the mandatory Sentencing Guideline regime, and that the sentencing provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). Because of misstatements by the magistrate judge and the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court regarding the scope of the sentence appeal waiver, we pretermit the question whether this appeal is barred by the waiver.

Trochez's Booker claim fails because he cannot show that the alleged error affected his substantial rights. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir.), cert. denied, 126 S. Ct. 267 (2005); United States v. Mares, 402 F.3d 511, 521 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). The sentencing hearing transcripts are silent regarding whether the district court would have reached a different conclusion had the Guidelines been advisory. Moreover, the fact that the district court imposed the minimum guideline sentence is, standing alone, no indication that the court would have reached a different conclusion under an advisory scheme. See United States v. Bringier, 405 F.3d 310, 318 (5th Cir.), cert. denied, 126 S. Ct. 264 (2005). Trochez therefore cannot carry his burden of showing that the result likely would have been different had he been sentenced under the advisory scheme, and he cannot show plain error that affected his substantial rights. See Mares, 402 F.3d at 522.

He argues for the first time on appeal that the sentencing provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of Apprendi and Justice Thomas's statements in his concurrence to the opinion in Shepard v. United States, 125 S. Ct. 1254, 1263 (2005). Trochez acknowledges that his argument

is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review. <u>Apprendi</u> and <u>Shepard</u> did not overrule <u>Almendarez-Torres</u>. See <u>Apprendi</u>, 530 U.S. at 489-90; <u>Shepard</u>, 125 S. Ct. at 1262-63. We must follow <u>Almendarez-Torres</u> "unless and until the Supreme Court itself determines to overrule it." <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000) (internal quotation marks and citation omitted).

AFFIRMED.